JOHN CAMPANELLA, JACK CAMPANELLA AND BARTOLA CAMPANELLA, CO-PARTNERS TRADING AS S. CAMPANELLA & SONS, PLAINTIFFS-APPELLANTS, v. GIULIO BONO AND JOHN SICCARDI, DEFENDANTS-RESPONDENTS.

Submitted May 3, 1938—Decided July 7, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellants, *Daniel Figurelli* (*Quirinus A. Ricciardelli*).

For the respondents, *William V. Breslin* (*Henry J. Bendheim*).

PER CURIAM.

This was a suit for the price of goods sold and delivered. The defense was that the sales were not to the defendants individually but to a corporation called Boni Macaroni Company. At the trial plaintiffs admitted that they had sold certain other goods to that company but that a check given by it came back dishonored and thereafter plaintiffs had refused to sell except to the individual defendants. The issue of fact was whether the goods covered by the state of demand were so sold. The trial judge, sitting without jury, decided that plaintiffs had not proved sale to the defendants, and accordingly found in their favor. Plaintiffs appeal.

There are eight specifications of alleged error, but only the following are presented in the brief:

1. Refusal of the court to admit in evidence a paper described in the state of the case as "a single ledger sheet from an original book of entry purporting to show the account of the defendants as individuals with the plaintiffs." This is claimed to be error; but we are in no position to determine the point as it is not reproduced in the state of the case nor was it even marked for identification, so far as appears. If it was simply a ledger sheet, it was of course properly excluded, not being accompanied by the day book or anything corresponding thereto. *Bonnell* v. *Mawha,* 37 *N. J. L.* 198.

2. It is. argued that a certain delivery receipt, printed as "Plaintiffs' Exhibit 1" and received in evidence, is persuasive if not convincing evidence of sale to defendants personally; but we are not impressed by the argument. It reads in part

"Deliver to G. Bono & Siccardi" certain specified merchandise and at the foot reads "Rec'd by" and then

"Driver Giulio Bono

"Checked by                    ."

As evidence of a sale to Bono, it has little or no value, and as to Siccardi, none at all in absence of proof of Bono's agency for Siccardi. Plaintiffs' claim of a partnership between Bono and Siccardi was denied and Siccardi testified that a partnership had been contemplated but that it never was carried into effect.

Defendants offered certain checks of the corporation to order of the plaintiffs, which were received over objection; and it is intimated that this was error. But as the checks are not before us in any way, we cannot pass on this point.

Generally, it is claimed that the decision of the trial court "was a gross abuse of discretion." A judicial finding of fact on evidence has nothing to do with discretion, and if there is any tangible evidence to support it, an appellate court, at law, will not interfere.

The judgment will be affirmed, with costs.